UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03007-MWF (MARx)          **Date:  July 12, 2022**
Title:    Patricia Burns v. AmTrust International Underwriters Limited

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|                          |                          |
|--------------------------|--------------------------|
| Deputy Clerk:            | Court Reporter:          |
| Rita Sanchez             | Not Reported             |
|                          |                          |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present             | None Present             |

**Proceedings (In Chambers):**          ORDER DENYING PLAINTIFF'S MOTION
                                        TO REMAND CASE [14]

Before the Court is Plaintiff Patricia Burns's, as trustee of the Michael and Patricia Burns Living Trust, Motion to Remand Case (the "Motion"), filed on June 3, 2022.  (Docket No. 14).  Defendant AmTrust International Underwriters Limited, now known as Amtrust International Underwriters DAC ("AIUD"), filed an Opposition on June 20, 2022.  (Docket No. 17).  Plaintiff filed a Reply on June 24, 2022.  (Docket No. 22).

The Court has read and considered the Motion and held a hearing on **July 11, 2022**.

For the reasons below, the Motion is **DENIED**.  Defendant has established diversity jurisdiction by a preponderance of the evidence.

## I.    BACKGROUND

Plaintiff Burns, through the Burns Trust, was the owner of an eleven-unit apartment building in Monrovia, California.  (Complaint ¶ 7).  In late 2016, Plaintiff discovered that the building required a roof repair, so it hired non-party Ameri Tech Construction, Inc. to complete the repair work.  (*Id*. ¶¶ 8, 18–20).  The repair, however, was disrupted by a weather incident that caused substantial damage to the property.  (*Id*. ¶ 21–23).  To recoup the damages, Plaintiff ultimately sued Ameri Tech in state court and obtained a default judgment in the amount of $1,123,197.86 (the "Ameri Tech Judgment").  (*Id*. ¶ 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-03007-MWF (MARx)**          **Date:  July 12, 2022**
Title:     Patricia Burns v. AmTrust International Underwriters Limited

Defendant AIUD is an insurance company that insured Ameri Tech at the time of the incident.  (*Id*. ¶ 6).  Plaintiff brings this action against AIUD to recover the Ameri Tech Judgment under the terms of Ameri Tech's insurance policy.

This action was originally filed in Los Angeles Superior Court but AIUD removed it to this Court based on diversity jurisdiction.  (Notice of Removal (Docket No. 1)).  The Notice of Removal asserts that the parties are diverse because Plaintiff is a citizen of California and AIUD is an Irish corporation with its principal place of business in Ireland.  (*Id*. at 2).  The Notice of Removal also claims that the $75,000 amount in controversy requirement is met, as Plaintiff is seeking to enforce the Ameri Tech Judgment of $1,123,197.86.  (*Id*.).

Plaintiff's Motion seeks to remand this action back to superior court on ground that AIUD has not sufficiently established that the parties are completely diverse from each other.

## II.   **LEGAL STANDARD**

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citation omitted).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

To remove a case from state court to federal court, the defendant must file a notice of removal in federal court that "contain[s] a short and plain statement of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03007-MWF (MARx)                    Date:  July 12, 2022
Title:      Patricia Burns v. AmTrust International Underwriters Limited

grounds for removal." 28 U.S.C. § 1446(a).  "If a defendant's assertion of diversity is
challenged, 'both sides submit proof and the court decides, by a preponderance of the
evidence, whether [subject matter jurisdiction] has been satisfied.'"  *Hammond v.
Sutherland Glob. Servs., Inc.*, No. 221CV02999ODWAFMX, 2021 WL 2982909, at *2
(C.D. Cal. July 15, 2021) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81, 88 (2014)).  "Indeed, courts in the Ninth Circuit regularly find this
practice – i.e., supplementing allegations in the notice of removal with evidence
demonstrating the parties' citizenship – permissible."  *Dejong v. Prod. Assocs., Inc*.,
No. CV 14-02357 MMM DTBX, 2015 WL 1285282, at *3 (C.D. Cal. Mar. 19, 2015)
(citation omitted).

## III.   **DISCUSSION**

Defendant AIUD removed this action on the basis of diversity jurisdiction,
alleging that the parties are completely diverse and that the amount in controversy
requirement is satisfied.  *See id*., at *2 ("In any case where subject matter jurisdiction
is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have
citizenship different than all defendants.") (citations omitted).

As relevant here, "a corporation shall be deemed to be a citizen of every State ...
by which it has been incorporated and of the State ... where it has its principal place of
business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) (quoting 28
U.S.C. § 1332(c)(1)).  "[T]he Supreme Court has defined 'principal place of business'
to mean 'the place where the corporation's high level officers direct, control, and
coordinate the corporation's activities.'"  *Id*. at 463 (quoting *Hertz Corp. v. Friend*, 559
U.S. 77, 80 (2010)).  A corporation's principal place of business – also known as the
"nerve center" – is typically found at a corporation's headquarters.  (*Id*.).

AIUD's Notice of Removal asserts the following:

Plaintiff is, and at all relevant times was, an individual residing in Los
Angeles County who is a citizen of California. [AIUD] is, and at all
relevant times was, an Irish corporation with its principal place of
business in Ireland, and is duly authorized to and engaging in the business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03007-MWF (MARx)            Date:  July 12, 2022
Title:      Patricia Burns v. AmTrust International Underwriters Limited

> of issuing policies in the State of California as a surplus lines insurance
> company.  Plaintiff seeks in excess of $1,123,197.86 from Defendant,
> which represents the full amount of a default judgment entered against
> [AIUD's] named insured . . . which satisfies the $75,000 amount in
> controversy requirement in 28 U.S.C. § 1332.

(Notice of Removal at 2).

Plaintiff does not dispute the alleged amount in controversy; rather, Plaintiff
argues that AIUD has not shown, by a preponderance of the evidence, that the parties
are diverse.  Plaintiff argues that AIUD's assertions concerning its citizenship are
insufficient because AIUD operates as a "syndicate," not a corporation.  Plaintiff
attaches an unauthenticated exhibit ("Exhibit A") that she alleges is a screenshot from
AIUD's website located at https://amtrustfinancial.com/about-us/history.  (Motion;
Exhibit A; Reply at 2).  Exhibit A states that, through an acquisition, "AmTrust"
entered the "Lloyd's of London Insurance Platform" in 2013.  In her Motion, Plaintiff
helpfully quotes out-of-circuit authority to describe the function of the Lloyd's
Platform:

> Lloyds of London is not an insurance company but rather a self-regulating
> entity which operates and controls an insurance market.  The Lloyd's
> entity provides a market for the buying and selling of insurance risk
> among its members who collectively make up Lloyd's.  Thus, a
> policyholder insures at Lloyd's but not with Lloyd's.
>
> The members or investors who collectively make up Lloyd's are called
> "Names" and they are the individuals and corporations who finance the
> insurance market and ultimately insure risks.  Names are underwriters of
> Lloyd's insurance and they invest in a percentage of the policy risk in the
> hope of making return on their investment.  Lloyd's requires Names to pay
> a membership fee, keep certain deposits at Lloyd's, and possess a certain
> degree of financial wealth.  Each Name is exposed to unlimited personal
> liability for his proportionate share of the loss on a particular policy that
> the Name has subscribed to as an underwriter.  Typically hundreds of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-03007-MWF (MARx)**                    **Date:  July 12, 2022**
Title:      Patricia Burns v. AmTrust International Underwriters Limited

Names will subscribe to a single policy, and the liability among the
Names is several, not joint.

Most Names or investors do not actively participate in the insurance
market on a day to day basis.  Rather, the business of insuring risk at
Lloyd's is carried on by groups of Names called "Syndicates."  In order to
increase the efficiency of underwriting risks, a group of Names will, for a
given operating year, form a "Syndicate" which will in turn subscribe to
policies on behalf of all Names in the Syndicate.  A typical Lloyd's policy
has multiple Syndicates which collectively are responsible for 100 percent
of the coverage provided by a policy.  The Syndicates themselves have
been said to have no independent legal identity.  Thus, a Syndicate is a
creature of administrative convenience through which individual investors
can subscribe to a Lloyd's policy.  A Syndicate bears no liability for the
risk on a Lloyd's policy.  Rather, all liability is born by the individual
Names who belong to the various Syndicates that have subscribed to a
policy.

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–58 (5th Cir. 2003) (internal
citations omitted).

The citizenship of a syndicate (for diversity purposes) is determined by
considering the citizenship of every "Name," similar to determining the citizenship of a
limited liability company, where citizenship is based upon the citizenship of each of its
members/partners.  *See TIG Ins. Co. v. Lloyd's Syndicate No. 1861*, No. C06 0047 MJJ,
2006 WL 8460111, at *2 (N.D. Cal. Mar. 2, 2006) ("[M]any courts have reached the
same conclusion, namely, that a court must consider the citizenship of every Name in a
Lloyd's Syndicate for diversity purposes.").  According to Plaintiff, if AIUD entered
the Lloyd's Insurance Platform, it must have been operating through a syndicate – so
AIUD must establish diversity by considering every "Name" involved.

In response, AIUD contends that it is a singular corporate insurer, not a
syndicate.  And Ameri Tech's underlying policy was purchased from AIUD, not
Lloyd's.  AIUD explains that Exhibit A is an inaccurate description of AIUD's

---

**CIVIL MINUTES—GENERAL**                    **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-03007-MWF (MARx)           Date:  July 12, 2022

Title:     Patricia Burns v. AmTrust International Underwriters Limited

operations because it is a screenshot of a website produced and controlled by AmTrust Financial Services Inc. ("AFSI"), which is a non-party, multinational insurance holding company.  *See Elias v. Am. Dental Partners of California, Inc*., No. EDCV 11-1565 JST(Ex), 2011 WL 13225081, at *2 (C.D. Cal. Nov. 28, 2011) ("For the purposes of diversity jurisdiction 'in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, not its parent.'") (quoting *Danjaq, S.A. v. Pathe Comm. Corp*., 979 F.2d 772, 775 (9th Cir. 1992)).

AIUD correctly argues that the existence of a syndicate is not an issue here because Plaintiff sued AIUD, a corporation – she did not sue AFSI or Lloyd's.  In each case Plaintiff cites in support of her argument, Lloyd's or a specific Lloyd's syndicate is a named party.  Here, AIUD is the only named Defendant, so the Court will determine its citizenship by determining its place of incorporation and its principal place of business.

AIUD's Opposition – supported by a sworn declaration from AIUD's authorized agent – explains that AIUD is incorporated and headquartered in Dublin, Ireland; its employees are located in Dublin, Ireland; and it acts through its board of directors and officers, who are citizens of Ireland, the United Kingdom, and New York.  (Decl. of James McKenna ¶¶ 3–4).  Prior to the COVID-19 pandemic, all board meetings occurred in Dublin, Ireland.  (*Id*. ¶ 5).  Critically, AIUD does not direct, control, or coordinate any business affairs in California.  (*Id*. ¶ 4).

Based on the foregoing, the Court concludes that Plaintiff is a citizen of the State of California and AIUD is a citizen of Ireland because AIUD was incorporated in Ireland and its principal place of business is Dublin, Ireland.  *See Hammond*, 2021 WL 2982909, at *2 ("As the Ninth Circuit and other Central District courts have found, [] declaration evidence sufficiently supports [] allegations of citizenship.") (collecting cases); *see also Bryndle v. Boulevard Towers, II, LLC*, 132 F. Supp. 3d 486, 493 (W.D.N.Y. 2015) (accepting declaration declaring corporation's citizenship from a managing agent).  Therefore, the parties are completely diverse and diversity jurisdiction is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-03007-MWF (MARx)**           **Date:  July 12, 2022**

Title:       Patricia Burns v. AmTrust International Underwriters Limited

The Motion is **DENIED**.

IT IS SO ORDERED.